Danny **TARDY** and Diane **Tardy**, individually and as personal representatives of the estate of Michael Tardy, Deceased, Plaintiffs

v.

**ELI LILLY AND COMPANY,**
et al., Defendants

No. CIV.04–11–P–H.

United States District Court,
D. Maine.

March 18, 2004.

---

C. Donald Briggs, III, Briggs & Counsel, Rockport, ME, Mark E. Burton, Rachel B. Abrams, Hersh And Hersh, San Francisco, CA, for Danny Tardy, Individually and as Personal Representative of the Estate of Michael Tardy, deceased and Diane Tardy, Individually and as Personal Representative of the Estate of Michael Tardy, deceased, Plaintiffs.

Barry H. Boise, Nina M. Gussack, Samantha Kors, Pepper Hamilton LLP, Philadelphia, PA, Robert H. Stier, Pierce Atwood, Portland, ME, Keith Jacques, Smith, Elliott, Smith & Garmey, P.A., Saco, ME, for Eli Lilly and Company and Does 1–5 and CVS Mill Creek, LLC, Defendants.

## ORDER ON PLAINTIFFS' ORDER TO REMAND

HORNBY, District Judge.

The issue on this motion is whether the plaintiffs "fraudulently joined" a Maine defendant so as to prevent federal jurisdiction based upon diversity of citizenship. The plaintiffs, Maine citizens, filed their complaint in state court. They sued both an Indiana defendant and a Maine defendant. The Maine defendant moved to dismiss the complaint against it. Before the motion was decided, the Indiana defendant removed the case to this court. The plaintiffs now move to remand for lack of complete diversity of jurisdiction due to the presence of the Maine defendant. Because the removing defendant has not satisfied its burden of proving fraudulent joinder, the plaintiffs' motion to remand is GRANTED. The plaintiffs' motion for sanctions is DENIED.

### FACTS ACCORDING TO THE COMPLAINT

The plaintiffs Danny Tardy and Diane Tardy personally represent the estate of the decedent Michael Tardy. (I will refer to them collectively as "Tardy"). All were Maine citizens. The defendant Eli Lilly and Company ("Lilly"), an Indiana corporation, manufactures and distributes Zyprexa. Tardy filled his prescription for Zyprexa at the defendant CVS Mill Creek, LLC ("CVS"), a Maine limited liability company operating a pharmacy in South Portland, Maine. According to the complaint, "[a]t all times relevant, the Defendant CVS did label, package, distribute, supply, sell, warn and otherwise distributed ZYPREXA." Compl. ¶ 15. Tardy died as a result of using Zyprexa.

Tardy sued Lilly and CVS for strict liability (failure to warn and defective product), negligence, breach of implied warranty, breach of express warranty, fraud, negligent misrepresentation and fraud by concealment.

### ANALYSIS

In determining whether joinder is fraudulent, "the burden is on the party challenging the jurisdiction-related allegations of the complaint to prove that they have no reasonable basis and to prove the pleader's objective bad faith in making those allegations. The party challenging the joinder must prove to a legal certainty that, at the time of filing the complaint, no one familiar with the applicable law could reasonably have thought, based on the facts that the pleader knew or should have known at the time, that a cause of action against the resident defendant could ultimately be proven." *In re Maine Asbestos Cases,* 44 F.Supp.2d 368, 372 (D.Me.1999).

Lilly argues that a pharmacy can have no liability under Maine law for the drugs it dispenses because it is only an intermediary between the doctor and the drug manufacturer on the one hand and the consumer on the other hand. Lilly says,

therefore, that there is no plausible claim against CVS.[1] The Maine Law Court has not yet announced Maine's position on this issue, although most if not all states seem to adopt Lilly's and CVS's position. *See, e.g., Walker v. Jack Eckerd Corp.,* 209 Ga.App. 517, 434 S.E.2d 63, 67 (1993); *Coyle v. Richardson–Merrell, Inc.,* 526 Pa. 208, 584 A.2d 1383, 1386 (1991); *McKee v. Am. Home Prods. Corp.,* 113 Wash.2d 701, 782 P.2d 1045, 1051 (1989). But even if CVS had no general duty to warn, here Tardy has alleged that CVS did provide some warnings concerning Zyprexa. If that is so, I cannot say that Tardy's lawyers were unreasonable in believing they might have a cause of action against CVS for inadequate warnings. *See, e.g., Cottam v. CVS Pharmacy,* 436 Mass. 316, 764 N.E.2d 814, 821–23 (2002) (stating that pharmacies, based on communications with their customers, may voluntarily assume a duty to warn.) I conclude that Lilly has not met its burden to prove fraudulent joinder.

I do not impose sanctions against Lilly under Fed.R.Civ.P. 11 and 28 U.S.C. § 1447(c) for removing the lawsuit, however, because it is a close question whether the pharmacy can have liability and thus whether joinder was proper.

### CONCLUSION

The plaintiffs' motion to remand this case to the Maine Superior Court (Cumberland County) is GRANTED. I do not rule on CVS's motion to dismiss or on Lilly's motion to dismiss Counts VI and VIII of the Complaint. The plaintiffs' motion for sanctions is DENIED.

So ORDERED.

---

1. CVS makes similar arguments in its motion to dismiss.